**THIBADOUX, Albert Louis, Plaintiff,**

v.

**JONES, E. W., Et Aliae [sic] in Toto Caelo, Intoto Infra: "Sub Colore Juris"., Defendants.**

81-CV-110.

United States District Court,
N. D. New York.

Jan. 30, 1981.

---

JAMES T. FOLEY, District Judge.

## MEMORANDUM—DECISION and ORDER

Plaintiff in this pro se civil rights action under 42 U.S.C. § 1983 is presently an inmate of Great Meadow Correctional Facility. He has been a constant litigator in this court since 1971. A rough count of my office records is that he has had twenty-four (24) dismissals of civil rights and habeas corpus applications, and a number of unfavorable decisions on appeals to the Second Circuit. This time he sues the chairman of the State Parole Board and a number of parole officers, none of whom are named.

Plaintiff in this complaint alleges in 1966 he was convicted of a crime and sentenced to a term of no less than five, nor more than fifteen years. He further alleges that he should have been credited with the time spent in jail prior to his conviction and had that been done, he would now be entitled to his freedom because his sentence expired.

Since receiving the original civil rights pleadings, the court has received other numerous papers in separate mailings. I shall try to list them: The first paper is entitled "Memorandum Coram Judice". It substantially is the same as the original filing in addition to a plethora of meaningless Latin phrases. Plaintiff alleges that nineteen (19) days of time spent in jail before conviction were not deducted from the sentence as required, he alleges, by section 2193 of the New York Penal Law. His papers contained headings entitled "Legal Claims", "First Cause of Action", "Second Cause of Action", "Equity", and "Reliefed". The date is given as "1st, IXth, LXXI, which I take it to mean January 9, 1981; also set forth in these papers are presumed legal recommendations and citations in support of his claim. The second set of papers bears the same opening title and is essentially another legal brief; the third set is entitled "Request for Production of Documents" bearing dates in Roman words which is deciphered as December 19, 1980. Plaintiff submits a separate application for the production of documents. The next set of papers was received by the Clerk on December 22, 1980. The first paper is entitled "Motion for Default Judgment". Notice of Motion bears the following date "XIIXV LXXX" which is accepted to mean December 15, 1980. The next paper is an "Affidavit" couched almost entirely in Latin phrases which do not seem to make any sense even in Latin and are not comprehensible, requesting default judgment.

Another set of papers were received in the Clerk's office December 31, 1980, again headed "Notice of Motion" dated by plaintiff as follows: "XII,XXII,LXXX" which again is accepted to mean December 22, 1980. The notice is for "Judgment ex facie res ipsa loquitur prima facie pursuant to Rule 54(c) on the ground that there is no genuine issue as to any material fact".

Plaintiff submitted an additional set of papers headed by a Notice of Motion for judgment pursuant to rule 56(b) or in the alternative 54(c) for judgment on the ground that there is no genuine issue to any material fact and that "Plft are entitled to judgment ex Lege ex Facie, ex Post Facto Res Ipsa Loquitur (sic) and for such other reliefed in toto caelo, as the Court may deemed Justs and Proper".

Again there is present the numerous use of Latin phrases. The final submission is a paper later received on January 21, 1981, again the same with similar Latin phrases and a short statement for general relief which is again totally lacking in understandable language. In substance, the best judgment I can make from the numerous submissions is the plaintiff is seeking a declaration of an earlier determination of his jail term, and although he alleges he is entitled to damages for false imprisonment, it seems clear the plaintiff actually seeks an earlier release from confinement. It is well settled under *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that habeas corpus is plaintiff's remedy and not this action under 42 U.S.C. § 1983.

Plaintiff's repetitive filings of additional papers all of which are vague, incomprehen-

sible, and obviously without constitutional merit clearly demonstrate the unnecessary and serious burdens placed on the Court and its personnel, the deputy marshals, the attorney generals, and the prison officials, by the increasing number of frivolous complaints submitted by New York State prisoners. *See Ron v. Wilkinson*, 565 F.2d 1254, 1258–59 (2d Cir. 1977).

All motions on behalf of the plaintiff for relief are denied and the complaint herein shall be filed without payment of fee and is dismissed in its entirety.

It is so Ordered.